IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL C. WILLIAMSON, | ) | |
| | ) | No. 18 C 2028 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| CHICAGO POLICE OFFICER WILFREDO ORTIZ, STAR NO. 9748, and the City of Chicago, a municipal corporation, | ) ) ) | |
| | ) | Jury Demand |
| Defendants. | ) | |

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES
AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Chicago Police Officer Wilfredo Ortiz ("Ortiz") and the City of Chicago ("City") (collectively referred to herein as "Defendants"), through EDWARD N. SISKEL, Corporation Counsel for the City of Chicago, for their answer, affirmative defenses, and jury demand to Plaintiff's Complaint, state as follows:

**INTRODUCTION**

1. This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 for the deprivation of Plaintiffs' constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

**ANSWER:** **Defendants deny that Plaintiff suffered any deprivation of his rights under the Constitution, but admit the remainder of the allegations set forth in the above paragraph.**

2. Venue in this district is proper pursuant to 28 U.S.C. sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

1

**ANSWER:  Defendants admit the allegations set forth in the above paragraph.**

## PARTIES

3. Plaintiff, MICHAEL C. WILLIAMSON, resides in the City of Chicago, County of Cook, and State of Illinois and is a United States citizen.

**ANSWER: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in the above paragraph.**

4. Defendant CHICAGO POLICE OFFICER WILFREDO ORTIZ, STAR NO. 9748 was at all times material to this complaint employed by the Defendant CITY OF CHICAGO, as duly appointed and sworn police officers [sic], and was at all times material to this complaint, acting within their [sic] official capacity, and under color of law and their [sic] authority, as police officers [sic], employed by Defendant CITY OF CHICAGO.

**ANSWER:  Defendants admit the allegations set forth in the above paragraph.**

5. This matter is being brought against Defendant CHICAGO POLICE OFFICER WILFREDO ORTIZ, STAR NO. 9748, individually, in his capacity as a sworn police officer employed by the CITY OF CHICAGO, acting under color of law.

**ANSWER:  Defendants admit the allegations set forth in the above paragraph.**

## FACTUAL SUMMARY

6. On January 1, 2014, Plaintiff MICHAEL WILLIAMSON, an active member of the U.S. Navy, was home on leave and was attending a family New Year's Eve party at 144 W. 105th Street in Chicago.

**ANSWER:  Defendants admit upon information and belief the allegations set forth in the above paragraph.**

7. During the course of the party, a man named Charles Lewis went on the back

porch of the residence at 144 W. 105th Street and fired off gunshots into the air in celebration of the new year.

**ANSWER: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in the above paragraph.**

8. DEFENDANT CHICAGO POLICE OFFICER WILFREDO ORTIZ ran to the back of the residence at 144 W. 105th Street in response to hearing the gunshots.

**ANSWER: Defendants admit that Officer Ortiz ran to the back of the residence in response to hearing gunshots. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in the above paragraph.**

9. DEFENDANT ORTIZ subsequently fired 11 shots from his handgun at the rear porch and through the open back door of the residence at 144 W. 105th Street, severely injuring the Plaintiff, MICHAEL WILLIAMSON, as well as two of his siblings and caused a graze wound to another.

**ANSWER: Defendants admit that Ortiz fired 11 shots from his handgun in the vicinity described in the above paragraph and that the individuals described sustained injuries. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in the above paragraph.**

10. Bullets from DEFENDANT ORTIZ's gun also struck the screen door to the porch, railings of the wooden porch and interior walls and kitchen cabinets.

**ANSWER: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in the above paragraph.**

11. In an attempt to justify the shooting, DEFENDANT ORTIZ fabricated evidence against the Plaintiff, MICHAEL WILLIAMSON, falsely claiming that the Plaintiff was in

possession of a handgun and that Plaintiff raised such handgun and pointed it at DEFENDANT ORTIZ while Plaintiff refused Ortiz's verbal commands to drop the gun.

**ANSWER: Defendants deny the allegations set forth in the above paragraph.**

12.     DEFENDANT ORTIZ also fabricated police reports, signed false criminal complaints and provided perjured and false testimony to prosecutors in order to have the Plaintiff charged and prosecuted with a felony offense.

**ANSWER: Defendants deny the allegations set forth in the above paragraph.**

13.     But for the fabricated evidence by DEFENDANT ORTIZ and misconduct outlined above, the Plaintiff could not and would not have been charged with any criminal offenses.

**ANSWER: Defendants deny the allegations set forth in the above paragraph.**

14.     As a result of the DEFENDANT'S fabricated evidence, the Plaintiff was deprived of his liberty and incarcerated in the Cook County Department of Corrections.

**ANSWER: Defendants deny the allegations set forth in the above paragraph.**

15.     On April 6, 2016, the Plaintiff was found not guilty of all criminal charges initiated by DEFENDANT ORTIZ.

**ANSWER:    Defendants deny that any criminal charges were "initiated by Defendant Ortiz." Defendants admit the remaining allegations set forth in the above paragraph.**

## COUNT I
### (Fourth Amendment Claim for Deprivation of Liberty)

16.     Plaintiff repeats, re-alleges and incorporates by reference the factual allegations above as fully set forth herein.

**ANSWER: Defendants hereby incorporate their responses to paragraphs 1-15 above as their response to the above paragraph as if fully restated herein.**

17. As a result of evidence fabricated by the DEFENDANT, the Plaintiff was deprived of his liberty and was incarcerated in the Cook County Department of Corrections.

**ANSWER: Defendants deny the allegations set forth in the above paragraph.**

18. But for the misconduct of the DEFENDANT outlined above, the Plaintiff would not have suffered a deprivation of his liberty.

**ANSWER: Defendants deny the allegations set forth in the above paragraph.**

19. The misconduct of the DEFENDANT outlined above proximately caused injury to the Plaintiff, including, but not limited to prolonged incarceration, humiliation, embarrassment and severe emotional distress related to his incarceration and prosecution for false criminal charges fabricated by the Defendant.

**ANSWER: Defendants deny the allegations set forth in the above paragraph.**

### COUNT II – INDEMNIFICATION
### (Against Defendant City of Chicago)

20. Plaintiff realleges and reincorporates Paragraphs 1 through 19 above as fully stated herein.

**ANSWER: Defendants hereby incorporate their responses to paragraphs 1-19 above as their response to the above paragraph as if fully restated herein.**

21. Pursuant to 745 ILCS 10/9-102, City of Chicago must indemnify any judgment against Defendants Chicago Police Officer Wilfredo Ortiz in this action.

**ANSWER:** Defendants admit that the above cited statute requires the City to indemnify Officer Ortiz for any compensatory damages that might be assessed against him in this case. Defendants deny the remaining allegations set forth in the above paragraph.

### AFFIRMATIVE DEFENSES

1. Defendant Ortiz's conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights. He is a government official who performs discretionary functions in the course of his work. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Ortiz could have believed his actions to be lawful in light of clearly established law and the information that they possessed. Accordingly, Defendant Ortiz is entitled to the defense of Qualified Immunity.

2. Plaintiff had a duty to mitigate his damages, and any damages awarded to Plaintiff would be required to be reduced by any amount by which the damages could have been lessened by Plaintiff's failure to take reasonable action to minimize those damages.

3. Plaintiff's complaint is barred under the doctrine of *res judicata* as more fully discussed in Defendants' Motion to Dismiss.

4. Plaintiff's complaint is barred under doctrine of claim splitting as more fully discussed in Defendants' Motion to Dismiss.

5. Plaintiff's complaint is barred by the statute of limitations as more fully discussed in Defendants' Motion to Dismiss.

6. Defendants are entitled to a set-off to the extent that any judgment is entered against them in *Williamson, et al. v. City of Chicago, et al.*, case number 14 C 6397, because the claims in that case are based upon the same occurrence and requested relief as in the

instant case.

## **JURY DEMAND**

Defendants hereby demand a trial by jury pursuant to Fed. R. Civ. P. 38(b) for all issues so triable.

Respectfully Submitted,

/s/ *Kevin Lovellette*
Deputy Corporation Counsel
Federal Civil Rights Litigation Division
City of Chicago Department of Law
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-4883
Kevin.Lovellette@cityofchicago.org

## **CERTIFICATE OF SERVICE**

I, Kevin Lovellette, an attorney, hereby certify that I filed the attached **Answer, Affirmative Defenses, and Jury Demand to Plaintiff's Complaint** with the Court's CM/ECF system on June 1, 2018, which sent electronic copies of the same to all counsel of record.

/s/ *Kevin Lovellette*
Kevin Lovellette