# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL C. WILLIAMSON, | ) |
| Plaintiff, | ) Case No. 18-cv-2028 |
| v. | ) Judge Sharon Johnson Coleman |
| CHICAGO POLICE OFFICER WILFREDO ORTIZ, STAR NO. 9748, and the City of Chicago, a municipal corporation, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Michael Williamson, brings this action against Chicago Police Officer Wilfredo Ortiz and the City of Chicago, alleging that Officer Ortiz caused his unlawful detention in violation of the Fourth Amendment. The defendants now move to dismiss Williamson's claims against them. For the reasons set forth below, that motion [14] is denied.

**Background**

On January 1, 2014, Officer Ortiz shot Michael Williamson, Princeton Williamson, and Kierra Williamson. Following the incident, Officer Ortiz claimed that Michael Williamson had pointed a handgun at him, prompting him to open fire in self-defense. As a result of Officer Ortiz's testimony, criminal charges were brought against Michael Williamson, leading to his incarceration. On April 6, 2016, Michael Williamson was found not guilty of those charges.

On August 19, 2014, Kierra Williamson filed a lawsuit against Officer Ortiz and the City of Chicago alleging Officer Ortiz (that lawsuit will hereinafter be referred to as "Williamson I"). Michael and Princeton Williamson joined that lawsuit in March 2015. That case was set for trial in September 2017.

1

On March 21, 2017, the Supreme Court decided *Manuel v. City of Joliet, Ill.*, 137 S.Ct. 911, 197 L.Ed.2d 312 (2017), a case which abrogated prior Seventh Circuit caselaw and established, for the first time, that pretrial detention following the start of the legal process was capable of giving rise to a Fourth Amendment deprivation of liberty claim. On July 26, 2017, the plaintiffs moved to amend their complaint to include a Fourth Amendment unlawful detention claim brought by Michael Williamson and a battery claim brought by Kierra Williamson. This Court denied that motion, finding that amendment was improper in light of the looming trial date. That case subsequently proceeded to trial, where the jury awarded a substantial verdict in the plaintiffs' favor.

On March 20, 2018, Michael Williamson filed the present action re-alleging the Fourth Amendment deprivation of liberty claim which he was not allowed to add to his original action against Officer Ortiz. The defendants now move to dismiss this case for failure to state a claim.

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. The allegations must contain sufficient factual material to raise a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Although Rule 8 does not require a plaintiff to plead particularized facts, the complaint must assert factual "allegations that raise a right to relief above the speculative level." *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 365 (7th Cir. 2018).

**Discussion**

Officer Ortiz first contends that Williamson's claim is barred by the doctrine of res judicata. Res judicata, which is also known as claim preclusion, prohibits a party from relitigating matters that

were fully litigated, or could have been fully litigated, in a previously adjudicated cause of action. *Groesch v. City of Springfield*, 635 F.3d 1020, 1029 (7th Cir. 2011). In order for res judicata to apply, the prior decision must (1) be a final decision on the merits rendered by a court of competent jurisdiction; (2) have constituted the same cause of action as the current suit; and (3) have involved the same parties or their privities. *Bonnstetter v. City of Chicago*, 811 F.3d 969, 975 (7th Cir. 2016). The defendants assert that res judicata bars Williamson's claim as a result of this Court's prior denial of his motion for leave to amend.

Here, Williamson sought to amend the complaint in Williamson I to add a claim of unlawful detention. After that motion was denied, he filed this case, which contains a Fourth Amendment claim for deprivation of liberty. Those two claims clearly overlap, and there can be no dispute that they arise out of the same operative facts or the same transaction. *Bernstein v. Bankert,* 733 F.3d 190, 226 (7th Cir. 2013). There can also be no dispute that both actions involved the same parties, given that all of the parties to this action were also parties in Williamson I. The sole question left to be decided is therefore whether this Court's denial of leave to amend constituted a final decision on the merits.

The Seventh Circuit has recognized that, ordinarily, denial of leave to amend constitutes a final judgment on the merits for res judicata purposes. *Arrigo v. Link*, 836 F.3d 787, 799 (7th Cir. 2016). In *Link*, the court supported this conclusion by quoting commentary observing that "[t]here is likely to be good reason when the court that has control of the first action concludes that a party should not be allowed to advance matters so closely related to the action as to be part of a single claim." *Id.* (quoting 18 Charles Alan Wright et al., *Federal Practice and Procedure* § 4412 (2d ed. 2016)).

Here, however, the claim that Williamson sought leave to add in Williamson I was not so closely related to the claims already at issue in Williamson I as to be part of a single claim. The defendants conceded as much, arguing in response to the motion to amend the complaint in

3

Williamson I that Michael Williamson's unlawful detention claim was "a completely new theory of recovery" that concerns "not what occurred at the time Officer Ortiz fired his gun but what [sic] in the 16 months that followed" and involved "a completely different set of factual questions, as well as still unsettled questions of law." The Court agreed with this argument, denying leave to amend because of the additional discovery and motion practice that the proposed amendment would require.

This Court denied leave to amend because, with the trial date so close and the extensive discovery the defendants represented was necessary, it would have been necessary to continue the trial, which would have prejudiced the remaining plaintiffs. Although the Court noted that Williamson could have sought leave to amend sooner, it did not base its ruling on Williamson's delay in seeking leave to amend, but instead ruled based on the impossibility of adding the new claims without rescheduling the trial date. The Court's ruling thus was not based on the procedural or substantive merits of the plaintiffs' motion, but instead on considerations of judicial administration.[1] This Court does not believe that such a ruling can be fairly considered to be a final decision on the merits. This is especially so when, as here, the claims which the plaintiff sought leave to add did not exist prior to a recent judicial decision. The Court accordingly declines to apply res judicata to preclude the present action.

The defendants alternatively contend that Williamson's claims are barred by the claim splitting doctrine. The rule against claim splitting is an aspect of the law of preclusion that prevents plaintiffs from maintaining multiple actions on the same subject against the same defendant at the same time in front of the same court. *Elmhurst Lincon-Mercury, Inc. Employees 401(k) Profit Sharing Plan*

---

[1] The defendants' arguments essentially assert that the only way Williamson could have properly brought his newly available claim would have been to convince this Court to restart discovery in Williamson I and to reset the trial date, prolonging the case drastically and depriving the co-plaintiffs of the prompt resolution of their claims. Applying res judicata in such a manner would undermine the purpose of the doctrine and would work a great inequity in this instance.

4

*& Trust v. Mears*, 215 F. Supp. 3d 569, 665 (N.D. Ill. 2016) (Feinerman, J.). The rule against claim splitting, however, has been recognized as an outgrowth of res judicata, and the Seventh Circuit therefore has applied the same three-prong analysis that is applied to res judicata arguments when considering whether improper claim splitting has occurred. *Palka v. City of Chicago*, 662 F.3d 429, 437 (7th Cir. 2011). Thus, the defendants' claim splitting argument must fail with his res judicata argument.

The defendants finally contend that Williamson's Fourth Amendment deprivation of liberty claim is untimely. That claim is subject to a two-year statute of limitations under Illinois law. *Dominguez v. Hendlery*, 545 F.3d 585, 588 (7th Cir. 2008). Accrual of that claim, however, is determined by federal law, and occurs when the plaintiff has a complete and present cause of action. *Wallace v. Kato*, 549 U.S. 384, 388, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). In order to state a Fourth Amendment claim for deprivation of liberty, a plaintiff must be able to establish that the criminal prosecution against him resulted in a favorable outcome. Thus, as the Supreme Court recognized in dicta, it is the majority position that Fourth Amendment deprivation of liberty claims only accrue once the criminal proceedings against the plaintiff have been terminated in his or her favor. *See Manuel v. City of Joliet, Ill.*, 137 S.Ct. 911, 921, 197 L.Ed.2d 312 (2017) (observing that eight out of ten circuit courts have recognized that the statute of limitations in Fourth Amendment cases like this does not begin to run until after the favorable termination of the criminal prosecution). The Seventh Circuit has not yet offered an opinion on when such a claim accrues, although that question is currently pending before the Seventh Circuit in the remanded proceedings in *Manuel*.

Lacking explicit guidance from the Seventh Circuit, this Court presumes that the Seventh Circuit will follow the majority position with respect to calculating the statute of limitations for Fourth Amendment deprivation of liberty claims. Applying that standard to the case at hand, Williamson's complaint was timely filed. The Court accordingly rejects the defendants' statute of

limitations arguments, although it does so without prejudice to reconsideration should the Seventh Circuit's decision in Manuel render Williamson's claims untimely.

**Conclusion**

For the reasons set forth herein, the defendants' motion to dismiss [14] is denied.

IT IS SO ORDERED.

Date:8/9/18

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge